## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES RAY EDWARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-1802 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND OPINION

Petitioner, Charles Ray Edwards, seeks habeas corpus relief under 28 U.S.C. § 2254 and 2241, challenging a state parole revocation proceeding. Respondent filed a motion to dismiss on the basis of mootness, asserting that Edwards's sentence has been discharged and he has been released.  Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment.  The reasons are set out below.

### I.      Background

Edwards was convicted by a jury in 1981 of aggravated robbery and sentenced to a 15 year term.  He was released to parole in 1986 and returned to custody in 1994  after violating his parole.  Edwards was released to mandatory supervision in 1995 and returned to custody in 1996, in violation of the terms of his release.  In 1999, Edwards was again released to mandatory supervision, and reincarcerated in 2001 for violating his release terms.

Edwards was released again in 2003, reincarcerated, and released having discharged his sentence in August 2005.

In this federal habeas petition, Edwards claims that his 2001 parole revocation resulted from an unconstitutional search and seizure by Houston Police Department officers, and that, as a result, his sentence was improperly prolonged.  He also asserts that he should have received credit for time he spent on parole before revocation and that there was insufficient evidence to support his 2001 revocation.

The fact that Edwards has been released since the case and motion were filed raises the issue of mootness.  As to the claim of a Fourth Amendment violation,  respondent argues that it is unexhausted and time-barred and provides no basis for habeas relief.

## II.    The Applicable Legal Standards

Woodard's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA provides as follows, in pertinent part:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)

> (1)    In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

## III.    Analysis

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies."  U.S. CONST. art. III; *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition.  *See Lane v. Williams*, 455 U.S. 624, 632 (1982).  A petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences.  *Id*.; *Carafas v. Lavalle*, 391 U.S. 234 (1968).   A petitioner challenging only the sentence, and not the underlying conviction, must affirmatively  allege and demonstrate collateral consequences.  *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *see also Lane*, 455 U.S. at 624; *Beachem v. Schriro*, 141 F.3d 1292, 1294 (8th Cir.) (citing *Spencer*, 523 U.S. at 12-14), *cert. denied*, 525 U.S. 938 (1998).  Edwards did not challenge the validity of his underlying conviction or sentence, only the execution of his sentence.  Specifically, Edwards challenges

3

the time he spent following his allegedly-improper 2001 parole revocation and asserts that he was wrongly denied credit for time he had spent on parole. Under *Spencer*, collateral consequences are not presumed. Edwards has made no allegation or demonstration of collateral consequences. *Spencer*, 523 U.S. at 1; *see also Bailey v. Southerland*, 821 F.2d 277 (5th Cir. 1987) (holding habeas petition challenging prison disciplinary proceeding and punishment moot after petitioner's release). Dismissal of this petition as moot is appropriate.

Alternatively, the claim of insufficient evidence and failure to grant him credit for time he spent on parole lack merit. Fifth Circuit law precludes the claim for credit for time spent on parole mandatory supervision before revocation. *Morrison v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997). When parole or mandatory supervision is revoked, a defendant may be required to serve the remaining portion of the underlying sentence, to be calculated without any credit for the time from release to revocation.

Edwards's claim that the evidence used in his parole revocation in 2001 was unconstitutionally obtained by the Houston Police Department cannot provide a basis for habeas relief. Edwards filed this federal petition too late to have that claim considered on the merits and the record discloses no basis to apply equitable tolling. 28 U.S.C. § 2244(d)(1)(one year statute of limitations applies).

## IV.   Conclusion

The motion to dismiss is granted. A final judgment will be entered by separate order. Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). A COA issues only if the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The records provides no basis to issue a COA.

SIGNED on December 27, 2005, at Houston, Texas.

Lee H. Rosenthal
United States District Judge